■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENTRY MONTGOMERY, Appellant. [600 NYS2d 814] —Casey, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 19, 1991, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

Based upon the observations of two police officers from the roof of a building in an area of known drug activity in the City of Binghamton, Broome County, defendant was arrested and several vials which he abandoned shortly before the arrest were seized. The vials contained a white substance later identified as cocaine.

On this appeal, defendant initially argues that the introduction into evidence of the vials and their contents lacked proper foundation because a proper chain of custody had not been established. Case receipt records are admissible in evidence as business records provided they bear a certification or authentication by the head of a bureau or department of the State or by an employee delegated for that purpose (CPLR

4518 [c]). The exhibits in question contained a certification and authentication by the Director of the Crime Laboratory; the copies are exact photocopies of the original records of the State Police Southern Tier Regional Crime Laboratories; the copies were made in the regular course of business of that laboratory; and it was the regular course of the laboratory's business to make those records. Defendant's argument that the admissibility of the records is error is premised on the fact that the records were produced voluntarily and not in response to a subpoena duces tecum under CPLR 2307. Defendant contends that only records produced in response to such a subpoena can be admitted into evidence under CPLR 4518 (c). We disagree with this contention.

Under the provisions of CPLR 4518 (c), records that have been produced voluntarily rather than by subpoena may be properly certified and authenticated. Contrary to defendant's position, the voluntary production of such records is no bar to their admissibility under CPLR 4518 (c) (see, Joyce v Kowalcewski, 80 AD2d 27, 29). The foundation requirements of CPLR 4518 were properly established by the testimony of the forensic scientist and by the certification on the documents themselves (see, People v Farrell, 58 NY2d 637, 638). Both of these factors provided a sufficient chain of custody (see, People v Mathis, 147 AD2d 851, lv denied 73 NY2d 1018).

Defendant also argues that County Court erred in allowing the use of unauthenticated photographs to buttress the prosecution's case. The disputed exhibit consisted of an advertisement showing magnification provided by various lenses. The exhibit was deemed material and relevant because one of the officers on the roof testified that the binoculars he used on the evening in question had a power of 10 by 50 which would require a 500-millimeter camera lens in order to replicate the binocular magnification. The exhibit was admitted during the testimony of a camera store employee which was offered to rebut the testimony of defense witness Anthony Roberts, a private investigator, who introduced photographs he took with an enhanced lens of the area surveilled by the two officers from the roof. This issue was not properly preserved for our review. Defendant failed to object to the admission of the advertisement into evidence on the specific ground that he now raises on appeal. Defendant's objection to the advertisement was that it was irrelevant and confusing. Such objection will not preserve for review a claim that the evidence lacked a proper foundation (see, People v Gonzalez, 55 NY2d 720, cert denied 456 US 1010). Nor do we view the issue of such

importance as to consider reversal in the interest of justice despite the lack of preservation. The evidence of defendant's guilt was overwhelming and the judgment of conviction should in all respects be affirmed.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.