■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HILLARY BEST, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [606 NYS2d 427] — Casey, J. Appeals (1) from a judgment of the Supreme Court (Lewis, J.), entered December 10, 1992 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing, and (2) from an order of said court, entered January 8, 1993, which denied petitioner's motion for reconsideration.

Petitioner contends that the indictment upon which he was convicted of the crimes of rape in the first degree and resisting arrest is jurisdictionally defective because it does not contain factual allegations to support every element of the crimes charged. The extraordinary writ of habeas corpus is not generally available to raise issues that could have been raised by way of a direct appeal or by motion pursuant to CPL article 440 *(People ex rel. Woodard v Berry,* 143 AD2d 457, *lv denied* 73 NY2d 705). Departure from these traditional orderly proceedings should be permitted only when dictated by

reason of practicality and necessity *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262). The indictment challenged by petitioner uses the statutory language to charge petitioner with rape in the first degree *(see,* Penal Law § 130.35 [1]) and resisting arrest *(see,* Penal Law § 205.30). CPL 200.50 requires only that the indictment allege where, when and what the defendant did, and it is usually sufficient to charge the language of the statute unless the language of the statute is too broad *(People v Iannone,* 45 NY2d 589, 598-599). It is our view that the statutory language charged in the indictment herein is not too broad, and if petitioner required more information he should have requested it in his demand for a bill of particulars *(see, People v La Porte,* 184 AD2d 803, *lv denied* 80 NY2d 905). The indictment, therefore, is not jurisdictionally defective and the judgment dismissing petitioner's application must be affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed, without costs.