■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD R. THOMPSON, Appellant. [811 NYS2d 199]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered September 25, 2002 in Rensselaer County, upon a verdict convicting defendant of the crimes of rape in the first degree, burglary in the first degree and burglary in the second degree.

Following a jury trial, defendant was convicted of rape in the first degree, burglary in the first degree and burglary in the second degree and thereafter sentenced as a predicate felon to an aggregate prison term of 25 years, with five years of postrelease supervision. Defendant's motion to set aside the verdict was denied and defendant now appeals.

We affirm. First, we find no merit to defendant's claim that the People knew or should have known that the victim's trial testimony was perjured. Although the victim's trial testimony varied somewhat from her prior statements, and would affect her credibility, there is no record evidence, and defendant points to none, which would support the conclusion that the prosecution knowingly presented false testimony in order to secure a conviction.

Second, defendant presents a litany of alleged trial errors which he claims denied him his constitutional right to a fair trial. After careful examination, we find them to be meritless. Defendant's complaints regarding the rebuttal testimony presented by the prosecution, the prosecution's evidence regarding the victim's report of rape following the incident and the content of the prosecution's opening and closing statements were not protested at trial by appropriate objection and, consequently, have not been preserved for appeal (see CPL 470.05; People v Lamont, 21 AD3d 1129, 1131 [2005]; People v Shook, 294 AD2d 710, 712-713 [2002], lv denied 98 NY2d 702 [2002]; People v Montgomery, 195 AD2d 886, 887 [1993], lv denied 82 NY2d 851 [1993]). Defendant's claim that he was not adequately apprised of the specific facts of the rape charge is completely belied by

the record. The prosecution's bill of particulars advises defendant of the alleged date, time, location and general nature of the misconduct with which he was charged and, thus, is sufficient to satisfy the People's obligation of informing defendant of the theory of the prosecution's case (*see People ex rel. Best v Senkowski*, 200 AD2d 808, 809 [1994], *appeal dismissed* 83 NY2d 951 [1994]).

Further, defendant's claim that the charge to the jury regarding the burglary count infringed on his right to a fair trial is also belied by the record. Although, initially, Supreme Court incorrectly charged "building" as an element of the burglary counts, the correct term "dwelling" was charged before the jury reached its verdict. Moreover, as defendant did not challenge the prosecution's theory that the burglary was based upon entry into a "dwelling," there is no reason to conclude that Supreme Court's initial error now constitutes a basis for reversal (*see People v Gulnac*, 309 AD2d 1070, 1072-1073 [2003]).

Defendant also contends that his right to a fair trial was infringed by curtailment of his cross-examination of the victim regarding her prior sexual conduct. Notably, such evidence is inadmissible unless it falls within one of the statutory exceptions (*see* CPL 60.42; *People v Williams*, 81 NY2d 303, 312 [1993]). Since defendant failed to establish the application of any statutory exception, we find no error in Supreme Court prohibiting cross-examination concerning this subject.

Lastly, defendant claims that he did not receive the effective assistance of counsel because counsel failed to seek suppression of or object to the admission of certain evidence. Our review of the record reveals no valid legal basis to seek suppression of or to object to these items of evidence. Moreover, as the record reveals that defendant's trial counsel performed competently and professionally, affording defendant meaningful representation, his constitutional right to the effective assistance of counsel was met (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.