■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE R. LUSCOMB, Appellant. [892 NYS2d 267]—

Garry, J.

In 2007, defendant was charged in a five-count indictment with rape in the first degree, rape in the third degree, endangering the welfare of a child, unlawfully dealing with a child, and criminal sale of marihuana in the second degree. The charges arose out of an incident in 2004 in which defendant, then 24, allegedly had sexual intercourse with the 15-year-old victim after giving her alcohol and marihuana. The victim, who was living with a 20-year-old friend (hereinafter the housemate) at the time, did not report the incident until 2007, after she allegedly heard about another similar occurrence.

By jury verdict, defendant was acquitted of rape in the first degree and convicted of the remaining counts. County Court found that defendant's conviction for endangering the welfare of a child merged with the conviction for criminal sale of marihuana in the second degree. It imposed a fine for the conviction for unlawfully dealing with a child, and sentenced defendant to consecutive prison terms of 1$^1$/$_3$ to 4 years for the rape in the third degree conviction and 1$^1$/$_2$ years on the criminal sale conviction, with one year of postrelease supervision. Defendant now appeals.

Defendant initially contends that the evidence was legally insufficient to support his conviction for criminal sale of marihuana in the second degree. This claim was raised for the first time on appeal and therefore was not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Littebrant*, 55 AD3d 1151, 1154 [2008], *lv denied* 12 NY3d 818 [2009]). It is, in any event, without merit, since no expert testimony was required to prove that the substance in question was marihuana (*see People v Lane*, 47 AD3d 1125, 1126-1127 [2008], *lv denied* 10 NY3d 866 [2008]; *People v Maidana*, 285 AD2d 669, 672 [2001]), and no proof of the marihuana's weight was required (*see* Penal Law § 221.50).

Defendant further contends that he was substantially prejudiced by the variance in time between the indictment and the proof at trial. The victim initially indicated that the incident took place in late 2003 or early 2004, but the indictment charged that it occurred "in or about the late summer of 2004," and the victim testified at trial that it occurred about two weeks before a medical appointment in late October 2004. Where, as here, "time is not an essential element of any of the charged crimes, an approximation of time is satisfactory as long as the time interval is sufficient to enable a defendant to prepare a defense" (*People v Dunton*, 30 AD3d 828, 829 [2006], *lv denied* 7 NY3d 847 [2006] [internal quotation marks and citation omitted]; *see People v Watt*, 81 NY2d 772, 774 [1993]). Defendant demonstrated no prejudice resulting from the variance between the dates given in the indictment and at trial, since "his defense was a categorical denial of any abuse or sexual contact" (*People v Porlier*, 55 AD3d 1059, 1060 [2008]). Further, in spite of the victim's uncertainty as to the exact date, she testified with specificity about a single encounter with defendant, thus providing him with sufficient information as to date, time and place to permit him to prepare a meaningful defense (*see People v LaPage*, 53 AD3d 693, 695 [2008]; *People v Weber*, 25 AD3d 919, 922 [2006], *lv denied* 6 NY3d 839 [2006]). Thus, no violation of CPL 200.50 (6) occurred. Defendant's related claim that the charges were duplicitous was not preserved for review (*see People v Dalton*, 27 AD3d 779, 781 [2006], *lvs denied* 7 NY3d 754, 811 [2006]), and fails in any event. There was no possible confusion with regard to "the particular act [as to each count] as to which the jury reached a unanimous verdict" (*People v Thomas*, 21 AD3d 643, 645 [2005], *lv denied* 6 NY3d 759 [2005]).

We find no merit in defendant's argument that County Court erred in precluding him from introducing evidence at trial of the victim's sexual conduct (*see* CPL 60.42). " '[S]uch evidence is inadmissible unless it falls within one of the statutory exceptions' " (*People v Alteri*, 49 AD3d 918, 920 [2008], quoting *People v Thompson*, 27 AD3d 888, 890 [2006], *lv denied* 6 NY3d 853 [2006]). Defendant argues that he should have been permitted to introduce evidence that the victim was treated shortly after the alleged rape for a sexually-transmitted disease because the evidence allegedly would have been exculpatory in that he could have proven that he did not suffer from the disease in question. However, the statutory exception permitting introduction of such evidence was not applicable (*see* CPL 60.42 [4]). The People specifically advised the court before trial that they had no intention of introducing evidence that defendant infected the victim with any disease, and they did not, in fact, do so (*see People v*

*White*, 261 AD2d 653, 655 [1999], *lv denied* 93 NY2d 1029 [1999]). Records of the victim's October 2004 medical treatment were not used at trial as proof related to her health or defendant's culpability, but solely for the limited purpose of refreshing her recollection as to the time of the occurrence. Contrary to defendant's claim, proof that he was not responsible for the alleged infection would not have been logically probative as to whether he committed the charged offense. County Court did not abuse its discretion in refusing to admit the challenged evidence, and no violation of defendant's constitutional rights of confrontation took place (*see* US Const Amend VI; NY Const, art I, § 6).

Defendant's claim that his convictions were based on uncor-roborated accomplice testimony in violation of CPL 60.22 (1) was not preserved for appellate review and is, in any event, entirely without merit (*see People v Gilbo*, 52 AD3d 952, 954 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Hines*, 24 AD3d 964, 965 [2005], *lv denied* 6 NY3d 834 [2006]; *People v Gorham*, 17 AD3d 858, 859 [2005]).

Finally, contrary to defendant's claim, concurrent sentences were not required by Penal Law § 70.25 (2), because defendant's convictions arose out of "separate and distinct acts" (*People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *see People v Collins*, 56 AD3d 809, 811 [2008], *lv denied* 11 NY3d 923 [2009]). Further, County Court did not violate defendant's constitutional right to freedom of speech by basing his sentence, in part, on his state-ment at sentencing (*see* CPL 380.50 [1]). The purpose of the op-portunity given to defendants to speak at sentencing is to permit them "to convey information relevant to the sentence to be imposed" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 380.50, at 283). In addition to the victim's vulnerability to exploitation and the other factors considered by the court, it properly took into account defen-dant's challenge at sentencing to the validity of the verdict and his failure to express remorse as such relevant information (*see People v Smith*, 41 AD3d 964, 967 [2007], *lv denied* 9 NY3d 881 [2007]). The court did not err in imposing defendant's sen-tences.

Spain, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.