OPINION OF THE COURT
Miriam Cyrulnik, J.
Defendant stands indicted of rape in the first degree and other charges, including predatory sexual assault.
The indictment alleges that, on May 2, 2011, defendant forcibly compelled complaining witness M.B. to perform oral sex upon him. According to the indictment, defendant then forcibly subjected the complainant to anal intercourse. The indictment further alleges that, on May 14, 2011, defendant forcibly touched the breasts of complaining witness A.H. with his hands and mouth. According to the indictment, defendant also forcibly compelled this complainant to perform oral sex upon him and then forcibly subjected her to vaginal intercourse.
Defendant’s motion to inspect the grand jury minutes was granted. Upon review of the grand jury minutes, questions pertaining to the counts of predatory sexual assault were raised *784 by the court. Following oral argument, the People dismissed counts one through four of the indictment, each charging predatory sexual assault, as they related to the underlying offenses committed on May 2, 2011.[1]
Defendant now moves for dismissal of counts twelve through fifteen of the indictment, each charging predatory sexual assault, as they relate to the underlying offenses committed on May 14, 2011, on the following grounds:
• The remaining counts of predatory sexual assault, as they appear in the indictment, fail to state a crime or offense;
• The remaining counts of predatory sexual assault cannot be legally amended;
• The predatory sexual assault statute was enacted to penalize recidivist behavior; and
• The People’s intended use of the predatory sexual assault statute violates defendant’s due process rights.
The People contend that their intended use of the predatory sexual assault statute is appropriate and that counts twelve through fifteen were properly charged to the grand jury and correctly worded in the indictment.
Defendant’s motion to dismiss was denied from the bench on January 31, 2012, and this written opinion follows.
Penal Law § 130.95 (2), predatory sexual assault, as charged in the instant indictment, reads as follows:
“A person is guilty of predatory sexual assault when he or she commits the crime of rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree, as defined in this article, and when: . . .
“2. He or she has engaged in conduct constituting the crime of rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree, as defined in this article, against one or more additional persons[.]”
Defendant’s first contention is that the People fail to state a crime or offense in counts twelve through fifteen of the indict *785 ment. Since the four counts in question are uniformly worded and defendant’s arguments on this point are exactly the same for each, an analysis of one count will be sufficient to address them all.
Count twelve of the indictment reads as follows:
“The Grand Jury of the County of Kings by this indictment, accuses the defendant of the crime of Predatory Sexual Assault [Penal Law § 130.95 (2)] committed as follows:
“The defendant, on or about May 14, 2011, in the County of Kings, committed the crime of Rape in the First Degree and engaged in conduct constituting Criminal Sexual Act in the First Degree, namely: contact between the penis of the defendant and the mouth of [M.B.].”
Courts have long recognized that the indictment as a document “has traditionally served several purposes .... First . . . an indictment [is] considered . . . the necessary method of providing the defendant with fair notice of the accusations made against him [in order to allow him] to prepare a defense.” (People v Iannone, 45 NY2d 589, 594 [1978].) Second, the indictment “provides some means of ensuring that the crime for which the defendant is brought to trial is [the] one for which he was indicted by the Grand Jury [and not] some alternative seized upon by the prosecution [based upon] subsequently discovered evidence” (id.). Third, the indictment specifies the crime or crimes for which the defendant has been tried so as to avoid any issue of double jeopardy (id. at 595; see also People v Spann, 56 NY2d 469 [1982]; People v Martinez, 52 AD3d 68 [1st Dept 2008], lv denied 11 NY3d 791 [2008]).
In People v Iannone (45 NY2d 589 [1978]), defendant challenged his indictment for criminal usury, arguing that the People failed to set forth facts that constituted a crime. The criminal usury count in the indictment tracked the language of the criminal usury statute, including all the material elements of the crime. Rejecting defendant’s challenge, the Court of Appeals recounted the history and development of indictment practices in New York, concluding that “careful consideration of the realities of criminal practice in New York leads ineluctably to the conclusion that the basic essential function of an indictment qua document is simply to notify the defendant of the crime of which he stands indicted” (id. at 598). The Court went on to hold that “[a]s a general rule, the indictment need only allege where, when and what the defendant did” (id.).
*786 Interestingly, the Iannone Court observed that, although “the prosecutor might have been wiser had he included more detail, what was presented suffices to charge a statutory crime such as criminal usury. When indicting for statutory crimes, it is usually sufficient to charge the language of the statute unless that language is too broad” (id. at 599). Similarly, the Court concluded, in People v Jackson (46 NY2d 721, 723 [1978]), that an indictment that contained all the necessary elements of the crime charged, “[although inartfully drawn,” was not defective.
In the case at bar, count twelve of the indictment tracks the language of the Penal Law § 130.95 (2). In order to satisfy the elements of predatory sexual assault, a defendant must commit rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree against a person and have engaged in conduct constituting at least one of the same crimes against one or more additional persons. Count twelve of the indictment adequately sets forth the elements of Penal Law § 130.95 (2) in that it alleges that defendant committed rape in the first degree on May 14, 2011 (against complaining witness A.H.) and criminal sexual act in the first degree on May 2, 2011 (against complaining witness M.B.).
Count twelve of the indictment was not charged to the grand jury in a vacuum, but along with legally sufficient evidence of rape in the first degree committed against A.H. on May 14, 2011 and criminal sexual act in the first degree committed against M.B. on May 2, 2011. The evidence presented to the grand jury established the facts and sequence of events, allowing the grand jury to conclude there was legally sufficient evidence that defendant committed the offense of rape in the first degree against A.H., having previously committed the offense of criminal sexual act in the first degree against M.B. All the elements of predatory sexual assault were established by the evidence presented and the indictment as a document notifies defendant regarding when, where and of what he stands accused (see People ex rel. Best v Senkowski, 200 AD2d 808 [3d Dept 1994], appeal dismissed 83 NY2d 951 [1994]; People v Lorenzo, 110 Misc 2d 410 [Sup Ct, NY County 1981]).
Furthermore, the indictment includes separate charges for the specific violent sexual offenses committed against each complainant. These charges set forth the specific violent sexual offenses, the specific elements of each offense and the dates *787 upon which they were perpetrated against the respective complainants. It is the combination of these separately charged, enumerated sex crimes, which act as the underlying offenses and aggravating factors, that defines Penal Law § 130.95 (2). Consequently, the indictment provides ample notice of all the crimes of which defendant stands accused, including predatory sexual assault.
Finally, defendant’s contention that the People fail to state a crime or offense in charging predatory sexual assault must be rejected because defendant is entitled to discovery, in the form of a bill of particulars, which will act to clarify any ambiguities defendant may claim exist in the indictment qua document (see generally CPL 200.95; People v lannone, 45 NY2d 589 [1978]; People v Jackson, 46 NY2d 721 [1978]; People ex rel. Best v Senkowski, 200 AD2d 808 [1994]).
The court therefore finds that counts twelve through fifteen adequately state a crime or offense. The indictment appropriately tracks the predatory sexual assault statute, referencing the material elements of the crime in all four counts and providing defendant with adequate notice to prepare a defense.
This court’s ruling that counts twelve through fifteen of the indictment adequately state a crime or offense, renders moot defendant’s second contention, that the counts cannot be legally amended.
Defendant next contends that “through strict statutory construction and common-sense interpretation,” Penal Law § 130.95 (2) is intended to penalize recidivist behavior. Although defendant concedes that Penal Law § 130.95 (2) is intended to apply to past conduct and requires no convictions, he nevertheless argues that its language prevents its application to “two present, separate allegations.” Essentially, defendant argues that Penal Law § 130.95 (2) is derived from and must be read in conjunction with Penal Law § 130.95 (3) and therefore can only be applied to convicted juvenile sexual offenders and those defendants who have out-of-state violent sexual felony convictions.
It is well-settled that
“the common-law policy of strictly construing a penal code no longer obtains in this State. The Legislature expressly abolished that rule, and ordained instead that the provisions of the Penal Law be interpreted ‘according to the fair import of their terms to promote justice and effect the object *788 of the law’ (Penal Law, § 5.00)” (People v Ditta, 52 NY2d 657, 660 [1981]; see also People v Keyes, 75 NY2d 343 [1990]; People v Hedgeman, 70 NY2d 533 [1987]; People u Teicher, 52 NY2d 638 [1981]).
In examining statutory construction, “the court’s primary obligation is to determine and give effect to the Legislature’s intent” (People v Dewall, 15 AD3d 498, 500 [2d Dept 2005], lv denied 5 NY3d 787 [2005]). Penal Law statutes are “generally to be construed so as to give effect to their most natural and obvious meaning” (People v Hedgeman, 70 NY2d 533, 537 [1987]). “Penal responsibility . . . cannot be extended beyond the fair scope of the statutory mandate” (People v Sansanese, 17 NY2d 302, 306 [1966]; see also People v Wood, 8 NY2d 48 [I960]). However, courts are authorized “to dispense with hypertechnical or strained interpretations of the [Penal Law]. Thus, conduct that falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal” (People v Ditta, 52 NY2d 657, 660 [1981] [citation omitted]). Finally, examination of Penal Law statutes includes analyzing their plain meaning, legislative intent and underlying sense and purpose (see People v Hedgeman, 70 NY2d 533, 537 [1987]).
As defendant acknowledges and this court’s research confirms, Penal Law § 130.95 is a relatively new statute for which there exists little or no legislative history or commentary (see generally Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 130.00, at 91 [2009 ed]). Additionally, the court has found no precedent in the case law that specifically addresses the issue of the application of Penal Law § 130.95 (2) raised by defendant.
When the proposed amendment of the Penal Law to include the crime of predatory sexual assault was before the Legislature, the Sponsor’s Memorandum in Support noted that New York State’s enactment and strengthening of laws, such as the Sexual Assault Reform Act of 2000 and the Sex Offender Registration Act, gave the state “a package of tough laws to combat sexual assault” (Sponsor’s Mem, Bill Jacket, L 2000, ch 107, at 4). Despite this, the memorandum asserts, more needed to be done. The legislative justification for Penal Law § 130.95 was to “increase penalties to further deter and punish [such] crimes” (id.).
In summarizing the specific provisions of the predatory sexual assault statute, the Sponsor reported the following, in pertinent part:
*789 “Section 1 of the bill amends the penal law to create the crime of ‘predatory sexual assault,’ which is defined as committing any of [sic] one of four class B violent felonies in article 130 of the penal law along with anyone [sic] of four aggravating factors which include: ... (3) committing any of the four class B violent sex felonies against more than one person.” (Id. at 3.)
It is clear from the plain language of Penal Law § 130.95 (2) and the limited legislative materials available that defendant’s interpretation of its application is flawed. Defendant goes to great lengths to link Penal Law § 130.95 (2) to Penal Law § 130.95 (3), in order to define and limit the class of sexual offenders to whom Penal Law § 130.95 (2) applies. Defendant asserts that this subdivision of the statute should be limited to convicted juvenile sexual offenders and defendants with out-of-state violent sexual felony convictions. However, nothing in the plain language of either subdivision of the statute or the legislative materials allows such an interpretation to give effect to the most natural and obvious meaning of the statute. Indeed, defendant’s interpretation is exactly the strained and hyper-technical exercise courts have eschewed.
The definition of predatory sexual assault is unambiguous in its language and intent. In order to be charged with the crime, a defendant must commit one of the four designated violent sexual felonies, along with one of four aggravating factors. The aggravating factor defined by Penal Law § 130.95 (2) is that the defendant has engaged in conduct constituting any one of the same four violent sexual felonies against one or more additional persons. Nothing in the language indicates that this subdivision of the statute is connected to or dependent upon the next subdivision of the statute. In fact, the subdivisions of the statute that define the four aggravating factors end in the conjunction “or,” which indicates that they are independent factors, commission of any one of which completes the crime of predatory sexual assault. No reasonable interpretation of Penal Law § 130.95 (2) would find that it is limited to convicted juvenile sexual offenders and defendants with out-of-state violent sexual felony convictions.
In arguing that Penal Law § 130.95 (2) applies only to convicted juvenile sexual offenders and defendants with out-of-state violent sexual felony convictions, defendant not only contradicts his own conclusion that the section does not require *790 a conviction, but further strains the interpretation of the section by insisting that it is inapplicable to “two present, separate allegations.”
According to defendant, Penal Law § 130.95 (2) is designed to prevent “recidivism or predator-like conduct” and therefore, cannot be charged where defendant is accused of offenses against separate complainants in one accusatory instrument. Defendant’s argument appears to be that predatory sexual assault cannot be established by evidence of predatory sexual behavior. The court is unpersuaded by this argument.
The plain language of the statute defines the aggravating factor of Penal Law § 130.95 (2) as conduct constituting one of the four violent sexual felonies that make up the underlying offense committed against one or more additional persons. Nothing in the language of the section precludes the presentation of evidence of such defined conduct, perpetrated against multiple complainants, in the same grand jury proceeding. To accept defendant’s argument would be to ignore the very essence of the predatory behavior Penal Law § 130.95 seeks to prevent. Nothing in the plain language of the statute or the legislative materials indicates that the Legislature would consider a defendant, who commits the violent sexual offenses enumerated in the statute against more than one individual, anything but a sexual predator. The fact that multiple violent sexual offenses against multiple complainants form the basis of a single accusatory instrument does not preclude the application of Penal Law § 130.95 (2). On the contrary, such circumstances are precisely the object of the statute.
It should be noted that the temporal implications of the language of Penal Law § 130.95 (2) must be recognized when charging the crime. The section specifically requires that, at the time of the underlying violent sexual offense, the defendant “has engaged” in the conduct constituting the aggravating factor. This means that the aggravating factor must precede the underlying offense. Consequently, the People correctly dismissed counts one through four of the indictment, due to the fact that the May 14, 2011 offenses could not act as the aggravating factors for the underlying offenses that took place on May 2, 2011. However, nothing in the plain language of the statute prevents the People from charging defendant with predatory sexual assault where the underlying violent sexual offenses took place on May 14, 2011 and the offenses constituting the aggravating factors took place on May 2, 2011.
*791 The court has consulted the limited available legislative materials and examined the plain language of the statute in an effort to give appropriate effect to the legislative intent of Penal Law § 130.95 (2). The court finds that the language of the statute clearly defines the underlying offenses and aggravating factors that must be demonstrated in order to charge a defendant with predatory sexual assault. The intended purpose of the statute is to define predatory sexual behavior and enhance punishment for predatory sexual assaults. The addition of predatory sexual assault to the Penal Law was part of a larger effort to combat violent sexual crime, which includes the continuing revision and strengthening of existing laws to create a comprehensive system of tough penalties, mandatory registration and ongoing monitoring of sex offenders. In finding that predatory sexual assault may be charged in the case of two present, but separate allegations, provided the offenses that constitute the aggravating factors precede the underlying offenses, the court does not extend penal responsibility beyond the fair scope of the statutory mandate. This decision interprets Penal Law § 130.95 according to the fair import of its terms to promote justice and effect the object of the law. The most natural and obvious meaning of the language of the statute leads the court to reject defendant’s hyper-technical and strained interpretation, which would severely limit its application in contradiction to its purpose.
Defendant contends, lastly, that the People are using Penal Law § 130.95 (2) as a “sentence enhancer” in violation of his due process rights.[2] Defendant relies upon People v Morse (62 NY2d 205 [1984]), in support of this contention. In Morse, the Court of Appeals found that a defendant convicted of a violent felony offense could not be adjudicated a persistent felony offender, based upon two previous violent felony convictions resulting from pleas on two separate incidents taken on the same day. The Court reasoned that the Legislature did not intend the persistent violent felony law to apply unless each of the two or more predicate violent felony convictions, other than the first, was for a felony which occurred after sentence had been imposed for the conviction which preceded it.
*792 The court finds defendant’s reliance upon Morse to be misplaced. The case at bar is distinguishable in that, unlike defendant Morse, who faced an enhanced sentence as a persistent felony offender, defendant here faces predatory sexual assault as a charged crime in a single indictment. Defendant Morse’s sentence depended upon his adjudication as a persistent felony offender by a court, based upon prior felony convictions that were unrelated to his latest such conviction. Setting aside whether or not defendant in the instant matter is a second or persistent felony offender, his sentence cannot be affected as a result of the predatory sexual assault charge unless that charge is proved beyond a reasonable doubt before a trier of fact. Defendant will have the opportunity to defend against the predatory sexual assault charge consistent with due process. Additionally, defendant will have the opportunity to obtain a ruling from the trial court on the charges to be presented to the trier of fact for consideration, thereby resolving any issues regarding potential sentences should he be convicted. Therefore, the court rejects defendant’s due process argument.
The court finds that counts twelve through fifteen of the indictment are supported by legally sufficient evidence and do not violate defendant’s due process rights. Accordingly, defendant’s motion to dismiss counts twelve through fifteen is denied.
The court finds, then, that the evidence before the grand jury was legally sufficient to establish the remaining offenses charged and that the defendant committed said offenses (see CPL 190.65, 210.20, 210.30; People v Pelchat, 62 NY2d 97 [1984]; People v Calbud, Inc., 49 NY2d 389 [1980]; People v Swamp, 84 NY2d 725 [1995]). Additionally, the court finds that the instructions on the law given to the grand jury were adequate and legally sufficient (People v Calbud, Inc., 49 NY2d 389 [1980]). Further, no procedural flaws or errors support dismissal or reduction of any remaining count or of the indictment.
Defendant’s motion to dismiss or reduce is therefore denied.

. Counts charging the defendant with various sex crimes against M.B. remain undisturbed.

. Predatory sexual assault is a class A-II felony, with a maximum sentence of life imprisonment. Rape in the first degree, criminal sexual act in the first degree, and burglary in the first degree as a sexually motivated felony are class B violent felonies, each with a maximum determinate sentence of 25 years, followed by up to 25 years postrelease supervision (see generally Penal Law § 70.00 et set/.; Penal Law § 70.45 [2-a]; § 70.80).