OPINION OF THE COURT
Miriam Cyrulnik, J.
Defendant stands indicted for predatory sexual assault, rape in the first degree, and other charges. By omnibus motion, defendant moves for a variety of relief. Defendant’s requests are decided as follows:
Grand Jury Minutes
Defendant’s motion to inspect the grand jury minutes is granted. Upon an examination of the minutes of the grand jury proceedings, the court finds that the evidence before the grand jury was legally sufficient to establish the offenses charged and that the defendant committed said offenses (see CPL 190.65, *912 210.20, 210.30; People v Pelchat, 62 NY2d 97 [1984]; People v Calbud, Inc., 49 NY2d 389 [1980]; People v Swamp, 84 NY2d 725 [1995]). Additionally, the court finds that the instructions on the law given to the grand jury were adequate and legally sufficient (see People v Calbud, Inc., 49 NY2d 389 [1980], supra). Further, no procedural flaws or errors support dismissal or reduction of any count or of the indictment.
To the extent that defendant requests that the grand jury minutes be disclosed to him for the purpose of determining whether there was sufficient evidence to support the charges contained in the indictment, the court notes that release of those minutes is authorized only when the court finds that disclosure is necessary to assist it in making a determination (CPL 210.30 [3]). That assistance is not required and defendant’s application to examine the grand jury minutes is denied (see also CPL 190.25 [4]; People v Robinson, 98 NY2d 755 [2002]).
Predatory Sexual Assault
Defendant moves, specifically, to dismiss count one of the indictment, predatory sexual assault, advancing several arguments:
1. Legislative Intent
Defendant argues that Penal Law § 130.95, predatory sexual assault, does not apply to the case at bar because the legislature intended it to apply only to “egregious acts of sexual assault” and the instant matter does not satisfy this requirement (defendant’s affirmation at 14). Repeating the traditional definition of “egregious” conduct as that which “shocks the conscience” (id. at 14-15 [citations omitted]), he suggests that the conduct alleged “is not of such a heinous character” as to warrant prosecution under this section (id.).[1] He argues, instead, that since the alleged offense is properly encompassed by Penal Law § 130.35 (1), rape in the first degree, predatory sexual assault must be dismissed.
Penal Law § 130.35 (1), rape in the first degree, as charged in the instant indictment, reads as follows:
“A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person:
*913 “1. By forcible compulsion.”
Penal Law § 130.95 (1) (b), predatory sexual assault, as charged in the instant indictment, reads as follows:
“A person is guilty of predatory sexual assault when he or she commits the crime of rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree, as defined in this article, and when:
“1. In the course of the commission of the crime or the immediate flight therefrom, he or she: . . .
“(b) Uses or threatens the immediate use of a dangerous instrument.”
It is well-settled that
“the common-law policy of strictly construing the penal code no longer obtains in this State. The Legislature expressly abolished that rule, and ordained instead that the provisions of the Penal Law be interpreted ‘according to the fair import of their terms to promote justice and effect the object of the law’ (Penal Law, § 5.00)” (People v Ditta, 52 NY2d 657, 660 [1981]; see also People v Keyes, 75 NY2d 343 [1990]; People v Hedgeman, 70 NY2d 533 [1987]; People v Teicher, 52 NY2d 638 [1981]).
In examining statutory construction, “the court’s primary obligation is to determine and give effect to the Legislature’s intent” (People v Dewall, 15 AD3d 498, 500 [2d Dept 2005], lv denied 5 NY3d 787 [2005]). Penal Law statutes are “generally to be construed so as to give effect to their most natural and obvious meaning” (People v Hedgeman, 70 NY2d 533, 537 [1987], supra). “Penal responsibility . . . cannot be extended beyond the fair scope of the statutory mandate” (People v Sansanese, 17 NY2d 302, 306 [1966]; see also People v Wood, 8 NY2d 48 [I960]). However, courts are authorized “to dispense with hypertechnical or strained interpretations of the [Penal Law]. Thus, conduct that falls within the plain, natural language of a Penal Law provision may be punished as criminal” (People v Ditta, 52 NY2d 657, 660 [1981], supra [citation omitted]). Finally, examination of Penal Law statutes includes analyzing their plain meaning, legislative intent and underlying sense and purpose (see People v Hedgeman, 70 NY2d 533, 537 [1987], supra).
As defendant acknowledges and this court’s research confirms, Penal Law § 130.95 is a relatively new statute for which there *914 exists little or no legislative history or commentary (see generally William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 130.00 at 91 [2009 ed]). Additionally, the court has found no precedent in the case law that specifically addresses the issue of the application of Penal Law § 130.95 raised by defendant.[2]
When the proposed amendment of the Penal Law to include the crime of predatory sexual assault was before the legislature, the Sponsor’s Memorandum in Support noted that New York State’s enactment and strengthening of laws, such as the Sexual Assault Reform Act of 2000 and the Sex Offender Registration Act, gave the state “a package of tough laws to combat sexual assault” (Sponsor’s Mem, Bill Jacket, L 2006, ch 107 at 4). Despite this, the memorandum asserted, more needed to be done. The legislative justification for Penal Law § 130.95 was to “increase penalties to further deter and punish [such] crimes” (id.).
It is clear from the plain language of Penal Law § 130.95 and the limited legislative materials available that defendant’s interpretation of its application is flawed. Defendant goes to great lengths to establish a threshold of egregiousness that must be met in order to charge predatory sexual assault. However, nothing in the plain language of the statute or the legislative materials would support such a construction, the effect of which would be to deny “their most natural and obvious meaning” (People v Hedgeman, 70 NY2d 533, 537 [1987], supra). Indeed, defendant’s interpretation is exactly the strained and hyper-technical exercise courts have eschewed. The legislature specifically chose to create a new crime, of greater severity than rape in the first degree, if the facts established one or more aggravating factors, including the use or threatened use of a dangerous instrument, and to label a defendant who commits this type of violent sexual offense a sexual predator. Under no reasonable interpretation could these two sections be considered identical. Therefore, the court rejects defendant’s motion to dismiss the charge of predatory sexual assault as contrary to the legislative intent of the statute.
2. Selective Prosecution
Defendant next argues that he has been singled out for prosecution under Penal Law § 130.95, with its mandatory life *915 sentence upon conviction, due to his race or religion[3] and that the charge must therefore be dismissed.
The defendant makes an undocumented reference to a notation in a detective’s notes that the victim described her attacker as “possibly Afghani with a beard and a . . . turban” (defendant’s affirmation at 19). He makes another undocumented reference to being “described as male/arab [sic]” (id.). Defendant then offers the bald assertion, premised “[u]pon information and belief,” that other defendants of “a different ethnicity or nationality”[4] were indicted for rape in the first degree but not for predatory sexual assault.
In order to establish a claim for selective prosecution,
“a litigant must show that the law was enforced with both an ‘unequal hand’ and an ‘evil eye’; ‘to wit, there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification’ ” (see People v Blount, 90 NY2d 998, 999 [1997], quoting Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693 [1979]).
It is unquestionably a “heavy burden” (People v Goodman, 31 NY2d 262, 268 [1972] [citation omitted]; People v Welch, 2 AD3d 1354, 1357 [4th Dept 2003], lv denied 2 NY3d 747 [2004]).
In the case at bar, defendant has failed to meet his heavy burden of demonstrating that he is a subject of selective prosecution. No extended analysis is necessary to reject this claim. Neither has he provided sufficient grounds for the court to order the District Attorney to compile and provide a statistical analysis of cases it has prosecuted under this section. Accordingly, dismissal of predatory sexual assault on this ground is denied.
3. Interest of Justice
Defendant next argues that the count charging predatory sexual assault should be dismissed in the interest of justice, pursuant to CPL 210.40. He cites his lack of prior criminal contacts, and the potential for a mandatory life sentence upon conviction, as the basis for asserting that he should not be prosecuted under this section (defendant’s affirmation at 15).
*916 While the court has the discretion to dismiss an accusatory instrument in the interest of justice, “that discretion is neither absolute nor uncontrolled” (People v Wingard, 33 NY2d 192, 196 [1973]) and is to be “ ‘exercised sparingly’ and only in that ‘rare’ and ‘unusual’ case where it ‘cries out for fundamental justice beyond the confines of conventional considerations’ ” (People v Insignares, 109 AD2d 221, 234 [1st Dept 1985], lv denied 65 NY2d 928 [1985], quoting People v Beige, 41 NY2d 60, 62-63 [1976]). In exercising its discretion, the court must maintain a sensitive balance between “the interests of the individual and of the People” (People v Rickert, 58 NY2d 122, 127 [1983], citing People v Belkota, 50 AD2d 118, 120 [4th Dept 1975]; People v Clayton, 41 AD2d 204 [2d Dept 1973]). The burden of setting forth sufficiently compelling reasons to warrant dismissal rests with the defendant. Where the defendant does not meet this burden, the court may summarily deny the motion (.People v Schlessel, 104 AD2d 501 [2d Dept 1984]).
CPL 210.40 (1) sets forth the following criteria for consideration of a motion for dismissal in the interest of justice:
“(a) the seriousness and circumstance of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(h) the impact of a dismissal on the safety or welfare of the community;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
The Court of Appeals has held that the “statute does not compel [a] catechistic on-the-record discussion” of all enumerated factors, in order to fully demonstrate that the “ultimate *917 reasons given for [a potential] dismissal are both real and compelling” (People v Rickert, 58 NY2d 122, 128 [1983], supra).
Defendant has not addressed the specific criteria set forth in CPL 210.40 (1), but argues, in sum and substance, that the penalty for a conviction of predatory sexual assault would be unjust in light of his lack of a criminal record. It is clear, however, that the absence of a criminal record, by itself, is an insufficient basis for granting dismissal in the interest of justice (see People v Varela, 106 AD2d 339, 340 [1st Dept 1984], lv denied 64 NY2d 893 [1985]). Even the “ ‘exemplary’ background” of an individual “does not immunize him from the normal processes of the criminal law” {id.). The possibility that a defendant could face a lengthy period of incarceration upon conviction does not present a compelling reason to simply dismiss the charge.
The court has considered the statutory criteria individually and collectively as enumerated in CPL 210.40 (1) (see People v Rickert, 58 NY2d 122 [1983], supra), and concludes that dismissal of this count in the interest of justice is not warranted. The court cannot ignore the extremely serious nature of the allegations, and finds that a dismissal at this time — before a jury has had the opportunity to hear and evaluate the People’s proof — would significantly undermine the confidence of the public in the criminal justice system.
Accordingly, dismissal of predatory sexual assault on this ground is denied.
4. Insufficient Evidence of the Use of a Dangerous Instrument
The court’s review of the minutes of the grand jury proceeding found the evidence presented legally sufficient to establish the offenses charged. This includes evidence that the defendant used or threatened the use of a dangerous instrument. Accordingly, dismissal of predatory sexual assault on this ground is denied.
Defendant’s motion to dismiss or reduce is therefore denied in its entirety.
Suppression of Defendant’s Statements
Defendant’s motion to suppress statement evidence is granted on consent to the extent that a Huntley hearing will be conducted.
Sandoval and Prior Bad Acts
That part of defendant’s motion seeking a Sandoval/ Ventimiglia hearing (People v Sandoval, 34 NY2d 371 [1974]; *918 People v Ventimiglia, 52 NY2d 350 [1981]) is referred to the trial justice. The People shall serve notice of any prior uncharged criminal, vicious or immoral acts immediately prior to jury selection (see CPL 240.43).
Additional Motions
Defendant’s application for permission to file additional motions is denied as premature, with leave to renew at an appropriate time based on an appropriate record establishing good cause in support of such relief (CPL 255.20 [3]; People v Davidson, 98 NY2d 738 [2002]).
Any other relief sought by defendant which is not specifically granted herein is denied.

. The defendant, a taxi driver, is charged with the knifepoint rape of his passenger, who was allegedly blindfolded, gagged with tissues, and tied to the headrest with her scarf.

. This court has had one other opportunity to consider the application of the predatory sexual assault statute, albeit a different subdivision (see People v Hairston, 35 Misc 3d 830 [Sup Ct, Kings County, Mar. 16, 2012]).

. The court understands that the defendant is a member of the Sikh faith.

. The court presumes the defendant is referring to other defendants facing prosecution in unrelated cases in Kings County.